# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-15V
**Filed: April 22, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| MARTIN CROWLEY, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages and |
| v. | * | Attorneys' Fees and Costs |
| | * | Hepatitis A; Hepatitis B; |
| SECRETARY OF HEALTH | * | Tetanus-Diptheria-acellular |
| AND HUMAN SERVICES, | * | Pertussis ("TDaP"); Meningococcal; |
| | * | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On January 6, 2015, Martin Crowley ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving Hepatitis A, Hepatitis B, Meningococcal, and Tetanus-Diptheria-acellular Pertussis ("TDaP") vaccines on August 8, 2012, he developed Guillian-Barre Syndrome ("GBS"). Stipulation for Award at ¶ 1, 2, 4, filed Apr. 21, 2016. Further, petitioner alleged that he experienced residual effects of his injury for more than six months. Id. at ¶ 4.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On April 21, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that petitioner's GBS and its residual effects were caused by his immunizations; and further denies that the vaccines caused petitioner any other injury or his current condition. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs. The parties agree to a total award of attorneys' fees and costs in the amount of $11,448.43. In accordance with General Order #9, petitioner represents that he did not personally incur costs related to this proceeding. Id. at ¶ 8(b). The undersigned finds the stipulation for attorneys' fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

1) **A lump sum of $55,000.00, in the form of a check payable to petitioner, Martin Crowley. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

2) **A lump sum of $11,448.43, in the form of a check jointly payable to petitioner and to petitioner's attorney, Scott W. Rooney, of Nemes, Rooney P.C., pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amounts for petitioner's compensation and attorneys' fees and costs. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARTIN CROWLEY,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 15-0015V<br>Special Master Gowen<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioner Martin Crowley ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of hepatitis A, hepatitis B, Tdap, and meningococcal vaccines, which are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his immunizations on August 8, 2012.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as Guillain-Barre Syndrome ("GBS") that was caused-in-fact by the vaccines he received. He further alleges that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that petitioner's GBS and its residual effects were caused-in-fact by his August 8, 2012 vaccinations. Respondent further denies that the vaccines caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $55,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), and

   b. A lump sum of $11,448.43 in the form of a check jointly payable to petitioner and petitioner's attorney, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payment made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on August 8, 2012, as alleged by petitioner in his petition for vaccine compensation filed on January 6, 2015, in the United States Court of Federal Claims as petition No. 15-15V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There

3

is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A, hepatitis B, Tdap, or meningococcal vaccination caused petitioner to suffer GBS or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4.

Respectfully submitted,

PETITIONER:

*[signature]*
MARTIN CROWLEY

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
SCOTT ROONEY
NEMES ROONEY, P.C.
26050 Orchard Lake Rd.
Farmington Hills, MI 48334
(248) 442-3300

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: April 21, 2016

5